# United States Court of Appeals
## For the First Circuit

No. 06-2623

CMI CAPITAL MARKET INVESTMENT, LLC; WILMINGTON TRUST COMPANY, as TRUSTEE OF THE PR TAX-EXEMPT LEASE CERTIFICATE TRUST; RICHARD J. SCHMEELK; WILLIAM B. FINNERMAN; JIRA ASSOCIATES, LP,

Plaintiffs, Appellees,

STRONG CAPITAL MANAGEMENT, INC.;
LEHIGH MUNICIPAL LEASING, INC.,

Plaintiffs,

v.

MARYLIN GONZÁLEZ-TORO; CONJUGAL PARTNERSHIP AGUIRRE-GONZÁLEZ,

Defendants, Appellants,

AA PUBLIC FINANCE CO., INC.; CROSS-BORDER LEASING CO., INC.; LIMITED FUNDING SERVICES, INC.; ALVIN F. AGUIRRE, in his individual and representative capacities; JOHN DOE, 03CV1770; ADVANCE OFFICE ELECTRONICS CENTER, INC. AND ROYAL INTERNATIONAL ELECTRONICS AND FURNITURE, INC.; INMOBILIARIA AA, INC.; A-Z INSURANCE CO.,

Defendants.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Salvador E. Casellas, U.S. District Judge]

Before

Lipez and Howard, Circuit Judges,
and Smith,[*] District Judge.

---

[*]Of the District of Rhode Island, sitting by designation.

Rubén T. Nigaglioni, with whom Nigaglioni & Ferraiuoli Law Offices, P.S.C. was on brief, for appellants.

Manuel A. Pietrantoni, with whom Casellas Alcover & Burgos, P.S.C. was on brief, for appellees.

March 18, 2008

**HOWARD**, **Circuit Judge**.    In this tort and breach of contract suit, Marilyn González-Toro ("González") and the Conjugal Partnership Aguirre-González (together, "appellants") failed to challenge plaintiffs' statement of material facts in support of a motion for summary judgment.    Because the appellants did not counter the statement of material facts, the district court deemed the facts admitted, granted summary judgment, and imposed joint and several liability on the appellants for fraudulent acts committed by Alvin Aguirre-González ("Aguirre") and several corporations.    We approve of the district court's decision to deem the uncontested facts admitted under Local Rule 56(e), and against that backdrop we affirm.

## 1. Facts

On review of a motion for summary judgment, we take the facts in the light most favorable to the non-moving party, in this case the appellants.    Cash v. Cycle Craft Co., 508 F.3d 680, 682 (1st Cir. 2007).    We likewise draw whatever reasonable inferences favor the non-moving party.    Id.    In this case, the familiar standard is qualified somewhat because the district court deemed admitted the facts contained in the movant's statement of material facts.    We analyze that decision below, and as we find it within the district court's discretion we will not upset it here. Consequently, we review the facts as set out in the statement of material facts accompanying the summary judgment motion.    To the

extent that other facts might cast doubt on them, those other facts are disregarded. This is because, on appeal from summary judgment, we consider the same record that was before the district court. Torres-Rosado v. Rotger-Sabat, 335 F.3d 1, 5 (1st Cir. 2003).

The plaintiffs are various companies, trustees, and individuals who filed suit against Aguirre, González, their conjugal partnership, and several corporations controlled by Aguirre. The suit alleged fraud, breach of contract, and various tortious violations of the Puerto Rico civil code. González and Aguirre were married throughout conduct complained of and when the complaint was filed -- the pair divorced only after the plaintiffs filed suit. Their conjugal legal partnership has never been settled. According to the complaint, Aguirre and other defendants committed torts regarding leases they held with various municipal and government entities in Puerto Rico. Some examples provide enough of the flavor of the complaint. The complaint alleged that Aguirre had assigned to more than one party, for value, the right to receive the same payments from some leases. And Aguirre allegedly concealed that some leases were in default and would likely remain in default, thereby selling the right to receive payments that would never come. Aguirre also allegedly misrepresented the amounts due under some leases, leading purchasers to pay more than they could ever receive.

González was a director, officer, incorporator, or resident agent for all of the defendant corporations. She signed checks on their behalf and drew a monthly salary from one. After the divorce, González continued to derive all her support from her husband, taking cash advances on a credit card he paid and receiving wire transfers totaling hundreds of thousands of dollars from corporations he controlled. She understood this money to be an advance on the settlement of their conjugal legal partnership.

Aguirre never answered the complaint; he had decamped to the Dominican Republic, or perhaps Panama.[1] Neither did the defendant corporations answer. González answered on her own behalf and for the conjugal legal partnership.

The district court issued an attachment order against those defendants who had not answered the complaint. The appellants were directed to show cause why the order should not apply to them, and they did so to the district court's satisfaction. The district court declared Aguirre and the defendant corporations (the "other defendants") in default and issued partial judgment against them.

---

[1]Alvin Aguirre-González has since been arrested and pled guilty to 18 counts of mail fraud. During the pendency of this appeal he was sentenced to 57 months' imprisonment, forfeiture of one and a half million dollars, and restitution of nearly five million dollars. See United States v. Aguirre-González, 3:05-cr-00387-PG (D.P.R.). An appeal is pending.

The plaintiffs moved to expand the scope of the attachment order so that it would apply to the appellants. González testified at a hearing on the motion and was cross-examined by her own counsel. On the basis of that hearing and evidence received into the record, the district court expanded the attachment order as requested.

The plaintiffs then moved for summary judgment against the appellants, citing the facts adduced at the attachment hearing. The plaintiffs, in conformance with Local Rule 56(b), submitted a statement of material facts to support their motion for summary judgment. The appellants submitted an opposition to the summary judgment motion, but failed to include an opposing statement of material facts as required by Local Rule 56(c). The district court noted the procedural failure, deemed the facts in the plaintiffs' statement to be admitted by the appellants, and on the basis of those facts granted summary judgment against the appellants.

## 2. Discussion

The appellants claimed in their opposition to summary judgment, and claim again on appeal, that there is a genuine dispute about a material fact. But given their failure to challenge the plaintiffs' facts, in reality their argument is that the plaintiffs have failed to prove that they are entitled to judgment as a matter of law. Neither formulation of the argument avails.

### a.  The Anti-Ferret Rule

District of Puerto Rico Local Rule 56(c) is clear about the obligation of a party opposing summary judgment:

> A party opposing a motion for summary judgment shall submit with its opposition a separate, short, and concise statement of material facts. The opposing statement shall admit, deny or qualify the facts by reference to each numbered paragraph of the moving party's statement of material facts and unless a fact is admitted, shall support each denial or qualification by a record citation as required by this rule.

Local Rule 56(c).  Rule 56(e) sets forth in mandatory terms the result of failure to follow Rule 56(c):  "Facts contained in a supporting or opposing statement of material facts, if supported by record citations as required by this rule, shall be deemed admitted unless properly controverted."  Local Rule 56(e) (emphasis added).

The purpose of this rule is to relieve the district court of any responsibility to ferret through the record to discern whether any material fact is genuinely in dispute.[2]  We have upheld the application of the rule.  Mariani-Colon v. Dep't of Homeland Sec., 511 F.3d 216, 219 (1st Cir. 2007).  We review the "deeming order" for an abuse of discretion.  Hernandez v. Philip Morris USA, Inc., 486 F.3d 1, 7 (1st Cir. 2007).

---

[2]The deeming order is both a sanction for the parties and a balm for the district court:  the parties are given an incentive to conform to the rule (provided they wish to have their version of the facts considered), and the district court is in any case relieved of the obligation to ferret through the record.

Here, the appellants failed to submit a separate statement of material facts. Nor did they anywhere in their opposition undertake to "admit, deny or qualify the facts by reference to each numbered paragraph of the moving party's statement of material facts." The appellants did include five facts in their opposition to the motion, but those facts are not explicitly directed at qualifying or contradicting specific facts in the plaintiffs' statement, nor are they presented in an "opposing statement" "separate" from the opposition itself.[3] The language of the rule is plain, and the appellants' conduct obviously falls within its scope. The district court therefore was within its discretion to deem the facts in the statement of material facts admitted.

When summary judgment is granted after a deeming order, we are bound by the order as well, provided it was not an abuse of the district court's discretion. If it were otherwise, then the task of sifting through the record for genuine issues of material fact would merely have been transferred from the district court, at

---

[3]We have previously held that failure to set forth a paragraph-by-paragraph admission or denial of the movant's material facts justifies a deeming order even where the opposition does propound other facts. See Hernandez, 486 F.3d at 7. Hernandez leaves open the possibility that facts marshaled in opposition might be accepted to "augment" the facts contained in movant's statement of material facts, rather than contradict them. Id. at n.2. Without deciding the issue of whether the district court could have excluded these facts entirely, we proceed to evaluate the record as though those facts were accepted to augment the movant's facts; as we shall see, they do not change the result.

summary judgment, to the appellate court, on appeal of that summary judgment.  The anti-ferret rule would thus be rendered toothless.

The appellants do not contest the district court's deeming order.  Nor do they seek to controvert any of the facts in plaintiffs' statement.  Rather, they claim that the facts therein and in the remainder of the record are insufficient as a matter of law to hold them liable for Aguirre's actions.  Although they couch the issue in terms of genuine issues of material fact, their real arguments are these:  first, that the conjugal legal partnership should not have liability imposed on it because there is insufficient evidence in the record that it received the benefit of Aguirre's actions; and second, that the plaintiffs have failed to introduce evidence establishing that González is liable under Puerto Rico law for her husband's commission of these torts.  We examine each in turn.

### b.    The Conjugal Legal Partnership

Under Puerto Rico law, the conjugal legal partnership can be held responsible for torts committed by one spouse as long as the action that gave rise to the tort was for the benefit of the conjugal legal partnership.  "The generally acknowledged rule is that if the member's work is profitable for the community the liability will also fall on said community's property." Asociacion De Proprietarios Del Condominio Villas De Playa I De Dorado Del Mar, Inc. v. Santa Bárbara Company of Puerto Rico, Inc., 12 P.R.

Offic. Trans. 41 (1982).  This has been the rule in Puerto Rico since  Lugo-Montalvo v. González-Manon, 4 P.R. Offic. Trans. 517 (1975).   In that case, the Puerto Rico Supreme Court held the conjugal legal partnership shared the husband's potential liability in a malpractice action.  The court reasoned:

> While [the husband] is married, everything he earns exercising his profession goes to the community property.  In the course of his professional practice he may incur civil liability for malpractice.  Should he be the only one liable with his separate property, or should he have the backing of the community for which he works? . . . [H]is professional economical endeavor benefits the bulk of the community property and the latter should also be liable when the obligation arises.

Id. at 525-26. So it is here.  Alvin Aguirre earned money from his business activities, money that went to the conjugal legal partnership.  His business activities included the fraudulent transactions at issue.  Therefore the conjugal legal partnership, which has yet to be settled, is liable.  The appellants' contention that Aguirre was acting on behalf of the defendant corporations and therefore not for the benefit of the conjugal legal partnership is an argument that was squarely rejected by the Puerto Rico Supreme Court twenty-five years ago.  "[R]espondents' argument that since it was not the marital community that directly received the income of engineer Ariel Gutiérrez, but rather another artificial person who received it--Sociedad E.H.G. Arquitectos e Ingenieros--it is exempted from liability, fails to convince us."  Asociacion De

-10-

<u>Proprietarios Del Condominio Villas De Playa I De Dorado Del Mar,</u>

<u>Inc.</u>, 12 P.R. Offic. Trans. at 61.

This provides a basis for the liability of the conjugal legal partnership even if González herself were not liable for the actions of her husband.  But, as we establish below, the district court was right to hold her liable as well.

**c.      Marilyn González-Toro**

The district court also found González jointly and severally liable for the acts of her husband.  The district court based summary judgment on Article 1802 of the Puerto Rico Civil Code.  "A person, who by an act or omission causes damage to another through fault or negligence shall be obliged to repair the damage done."  <u>Id.</u>  The district court determined that González negligently assisted the fraud.  We instead affirm the judgment because the evidence supports a finding of "fault."  The terms "fault" and "negligence" used here have specific meanings in the civil code context of Puerto Rico law.  "Fault consists in the failure to exercise due diligence, the use of which would have prevented the wrongful result. Due diligence is that which one can expect from the average human being, the good paterfamilias." <u>Jimenez</u> v. <u>Pelegrina Espinet</u>, 12 P.R. Offic. Trans. 881, 886 (1982); <u>see also</u> <u>Gierbolini</u> v. <u>Employers Fire Ins. Co.</u>, 4 P.R. Offic. Trans. 1197, 1201-02 (1976) ("[F]ault requires the execution of a positive act causing a damage to another person different from

-11-

the one who executed it, and, in turn, negligence supposes an omission producing the same effect, although both have in common that the act be executed or the omission incurred without an injurious intent." (internal quotation marks omitted) (citation omitted)). Further, it is an oft-cited precept of Puerto Rico law that "the concept of fault 'is as broad as the behavior of human beings, and that it includes any fault that causes harm or injury.'" Bonilla v. Chardon, 18 P.R. Offic. Trans. 696, 709 (1987) (quoting Colón v. Romero Barceló, 112 D.P.R. 573, 579 (1982)).

In granting summary judgment, the district court pointed to González's behavior both during the frauds and afterwards. During the frauds, González was a director, officer, incorporator, or resident agent for all of the defendant corporations. After the divorce, when she knew Aguirre was subject to an attachment order and was being investigated for possible criminal charges, she continued to receive money from him.

On appeal, González argues that the funds she received came from corporations other than the defendant corporations, and that she cannot be subject to a judgment of negligence because she owed no duty to the plaintiffs. Considered in the context of the statement of uncontested material facts, neither contention avails her. The fact that the funds came from different corporations is irrelevant. The statement of uncontested material facts cited to

González's own statements in the record that all or nearly all the money she received came from Aguirre. In the opposition to summary judgment, the appellants did set forth that the funds came from other corporations. But because appellants failed to satisfy the anti-ferret rule, we accept those facts only to the extent that they do not contradict the facts deemed admitted by the district court.[4]

Here, the two sets of facts are easy to harmonize. González was not lying under oath when she said at the attachment hearing that her ex-husband had given her the money; and it is correct to say that the wire transfers came from corporations that were not defendants in this case. Even viewing these facts in the light most favorable to the appellants, the record is clear that Aguirre was using these other corporations to disburse funds to González, funds she knew or should have known were subject to the attachment order.

The appellants spend considerable time in their brief making this out to be a case of piercing the corporate veil. But

---

[4]We repeat that because the opposition to summary judgment did not include an "Opposing Statement of Material Facts" as required by Local Rule 56(c), the district court would likely have been free to disregard the facts in the opposition itself. We do not decide that question because it is not presented to us. In this case the district court did not explicitly reject the facts, nor did it explicitly consider them. It makes no difference whether these opposing facts are considered because they can easily be harmonized with the view of the evidence propounded in the statement of uncontested material facts.

it is not. Rather, this is a case where the established facts point to a person aiding her spouse by participating in the creation and administration of corporations used to defraud, and then aiding him again by receiving funds from him even though she knew he was under an attachment order and being sued to recover the money those corporations had fraudulently obtained. Even assuming that González is not liable for the actions of defendant corporations by virtue of her role in them, she is still liable because she helped her husband carry out these schemes and helped him dispose of the money.

Turning to the appellants' contention that González owed no duty to the appellees, it is true that the district court did not spell out the duty owed. Nevertheless, summary judgment was equally proper under the alternative "fault" standard in Puerto Rico law. "We may affirm a summary judgment decision on any basis apparent in the record." Perry v. Wolaver, 506 F.3d 48, 53 (1st Cir. 2007) (internal quotation marks omitted) (quoting Uncle Henry's, Inc. v. Plaut Consulting Co., 399 F.3d 33, 41 (1st Cir. 2005)). Here, the uncontested material facts support summary judgment because no reasonable construction of them excuses González from willfully receiving money from her ex-husband when she knew he was subject to an attachment order in this case. González had actual knowledge of the attachment order because she had defended against the same order. While perhaps her earlier

-14-

actions, viewed alone, could have been put down to ignorance or a good-faith belief that her husband had enlisted her aid in incorporating and administering these corporations for legitimate business purposes, such an inference is rendered unreasonable by her subsequent actions.  The district court properly assessed the facts in context and supportably found no contested issue of material fact to preclude summary judgment.

**Affirmed.**