# United States Court of Appeals
## For the First Circuit

No. 07-1013

LOIDA SÁNCHEZ-FIGUEROA, ET AL.,

Plaintiffs, Appellants,

v.

BANCO POPULAR DE PUERTO RICO,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Héctor M. Laffitte, U.S. District Judge]

Before

Lipez, Circuit Judge,
Baldock,[*] Senior Circuit Judge,
Howard, Circuit Judge.

Rafael A. Oliveras López de Victoria for appellant.
Enrique R. Padró Rodríguez with whom Pedro J. Manzano Yates,
and Fiddler, González, & Rodríguez, PSC were on brief for
appellee.

May 27, 2008

---

[*] Of the Tenth Circuit, sitting by designation.

**LIPEZ, Circuit Judge**. This appeal by Loida Sánchez-Figueroa (Sánchez) and her mother and sister, Luisa Figueroa-Maldonado and Elizabeth Sánchez-Figueroa, respectively, challenges the district court's grant of summary judgment to appellee Banco Popular de Puerto Rico (Banco Popular). Before the district court, appellants alleged that Banco Popular, Sánchez's former employer, failed to provide Sánchez with a reasonable accommodation for her disability in violation of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 et seq. The district court concluded that, based on the summary judgment record properly before it, Sánchez had failed to establish a prima facie case of disability discrimination. We affirm the district court's grant of summary judgment. In doing so, we note that this case is another example of the unfortunate consequences for litigants of their failure to comply with the District of Puerto Rico's Local Rules on summary judgment.[1]

**I.**

We recite the facts in the light most favorable to the non-moving party, relying upon the record as defined by the district court's ruling that the appellant had not properly controverted the facts set forth by the appellee in support of its

---

[1]  We take no position on whether appellants' claims would have survived summary judgment if they had complied with the Local Rules.

motion for summary judgment.[2]  <u>CMI Capital Mkt. Inv., LLC</u> v. <u>González-Toro</u>, 520 F.3d 58, 61 (1st Cir. 2008).

In 1989, Sánchez started working as a part-time office clerk for Banco Popular.  She was promoted to a position as a full-time customer service representative in 1995.  As a customer service representative, she sold the bank's products to new and existing customers and assisted customers over the phone with their banking transactions, such as deposits, withdrawals, and payments.  Her job performance was by all accounts exemplary.

On October 29, 2001, while Sánchez was assisting a customer on the phone, she determined that she needed the aid of one of her supervisors and placed the customer on hold.  When Sánchez sought a particular supervisor's attention, the supervisor allegedly refused to help her.  Upon returning to her desk, Sánchez discovered that the customer had hung up the phone.  At that point, Sánchez suddenly suffered from, in her words, "a lack of emotional control."

On that same day, Sánchez filed a workers' compensation report with the Puerto Rico State Insurance Fund (SIF), identifying her mental health concerns stemming from this earlier incident.  SIF evaluated Sánchez and recommended that she should go on sick leave indefinitely beginning October 30, 2001.  While on leave, her

---

[2] We discuss the district court's basis for this ruling in the next section.

treating psychiatrist, Dr. Eli Rojas, diagnosed her with a temporary condition called mixed situational disorder. He advised Banco Popular that when she returned to work, she should be placed in a position that did not involve "dealing with the public."

In September 2002, a human resources officer at Banco Popular discussed with Sánchez the position she would take upon returning from her leave. Sánchez alleges that the human resources officer forced her under duress to go back to her previous position as a daytime telephonic customer service representative and that she was crying when she agreed to do so. Moreover, she claims that Banco Popular never offered her a position that "did not entail interfac[ing] with the public." Banco Popular contends that it did offer Sánchez several positions that were responsive to her request to avoid dealing with the public, including positions as an office clerk and as a nighttime telephonic customer service representative (which typically had a lower volume of calls). Banco Popular asserts that Sánchez turned down all of these alternative positions.

On October 7, 2002, after using 343 days of her 360-day job reserve period under the Workmen's Compensation Act, 11 P.R. Laws § 1 et seq., Sánchez returned to her previous position as a daytime telephonic customer service representative. Sánchez continued to work in this position until she had a relapse of her emotional instability on March 24, 2003; she then went back on

-4-

leave. When the remaining 17 days of Sánchez's job reserve period ended and she failed to return to work, Banco Popular terminated her employment.

On September 15, 2003, Sánchez filed an administrative complaint with the Equal Employment Opportunity Commission (EEOC), alleging that Banco Popular had discriminated against her in violation of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 et seq., and the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. Upon receiving a right to sue letter from the EEOC on December 23, 2004, Sánchez filed a timely complaint, with her sister and her mother as co-plaintiffs, in the District Court for the District of Puerto Rico. Before the district court, she reiterated the arguments she made to the EEOC. Banco Popular answered the complaint on April 28, 2005, asserting that Sánchez was not disabled within the meaning of the ADA and, in the alternative, that it had offered her a reasonable accommodation.

Almost a year later, after the parties had engaged in discovery, Banco Popular filed its Motion for Summary Judgment, accompanied by the required statement of facts.[3] Sánchez filed her Brief in Opposition to the Motion for Summary Judgment, which purported to be in adherence with the Local Rules, as well as a

---

[3] Local Rule 56(b) states: "A motion for summary judgment shall be supported by a separate, short, and concise statement of material facts, set forth in numbered paragraphs, as to which the moving party contends there is no genuine issue of material fact to be tried."

counter-statement of facts.[4]  The district court found that the plaintiffs' response was not in compliance with the Local Rules as evidenced by "the disorganized and convoluted statement of facts, spanning multiple documents" in violation of Local Rule 56(c) and exhibits that were not properly translated from Spanish into English in violation of Local Rule 10(b).  The court noted that because the plaintiffs failed to comply with the rules, it was permitted to treat the moving party's statement of facts as uncontested.  Alsina-Ortiz v. Laboy, 400 F.3d 77, 80 (1st Cir. 2005).

Having reached this conclusion, the district court turned to the question of whether Banco Popular was entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  The "entry of a summary judgment motion as unopposed does not automatically give

---

[4] Local Rule 56(c) states: "A party opposing a motion for summary judgment shall submit with its opposition a separate, short, and concise statement of material facts.  The opposing statement shall admit, deny or qualify the facts by reference to each numbered paragraph of the moving party's statement of material facts and unless a fact is admitted, shall support each denial or qualification by a record citation as required by this rule.  The opposing statement may contain in a separate section additional facts, set forth in separate numbered paragraphs and supported by a record citation as required by subsection (e) of this rule."
Local Rule 56(e) provides: "An assertion of fact set forth in a statement of material facts shall be followed by a citation to a specific page or paragraph of identified record material supporting the assertion."  If a party fails to comply, the court may disregard the material lacking a specific citation.  D.P.R.R. 10(b).  Moreover, the court has no duty to search for or consider parts of the record that are not specifically referenced in the statement of facts.  Id.

rise to a grant of summary judgment" because the district court still must consider the plaintiff's ADA claim based on the record properly before the court, viewing the uncontested facts in the light most favorable to the non-moving party. Aquiar-Carrasquillo v. Agosto-Alicea, 445 F.3d 19, 25 (1st Cir. 2006).

To assess whether Banco Popular was entitled to summary judgment, the district court considered whether, on the uncontested record, Sánchez had established a prima facie claim of disability discrimination under the ADA. Given the requirements of the Act, the court evaluated whether (1) she was disabled within the meaning of the ADA, (2) she was qualified to perform the essential functions of her job, either with or without reasonable accommodations, and (3) her employer took adverse action against her because of her disability. See Bailey v. Georgia-Pacific Corp., 306 F.3d 1162, 1166 (1st Cir. 2002).

The district court said that it "would be justified in holding that Sánchez's impairment did not qualify as a disability under the ADA as Sánchez's impairment was not substantially limiting." However, the district court went on to explain that "even if the Court accepts that Sánchez was a disabled individual within the ADA, her claims still fail" because Banco Popular

offered her a reasonable accommodation and she did not suffer an adverse employment action by virtue of her disability.[5]

We read the court's statement about Sánchez's impairment as tantamount to a finding on the uncontested record that she was not disabled within the meaning of the ADA.  However, even if the court intended a less definitive statement, we assess de novo the district court's decision to grant summary judgment to Banco Popular, Cabán Hernández v. Philip Morris USA, Inc., 486 F.3d 1, 8 (1st Cir. 2007), and may affirm the district court's decision on any ground supported by the record, Estades-Negroni v. Assocs. Corp. of N. Am., 377 F.3d 58, 62 (1st Cir. 2004).

## II.

Before reaching the merits of Sánchez's claim, we review for abuse of discretion the district court's assessment that the motion for summary judgment was uncontested because of the plaintiffs' failure to comply with the District of Puerto Rico's Local Rules.  Crowley v. L.L. Bean, Inc., 361 F.3d 22, 25 (1st Cir. 2004)(explaining that the "application of a district court's local rule[s] is reviewed for abuse of discretion" and "a special degree of deference [is accorded]. . . to a court's interpretation of its own rules")(internal quotations omitted).  Here, the

---

[5] The district court also rejected Sánchez's civil rights claim, finding "[t]here is simply no evidence whatsoever before the Court which demonstrates that [Banco Popular's] treatment of Sánchez was at all related to her race."  Sánchez has abandoned this claim on appeal.

appellants' counter-statement of facts did not comply with the Local Rules. The citations to the record often referenced several exhibits in support of a specific contention, without indicating which pages or paragraphs were relevant. <u>See</u> <u>Cabán Hernández</u>, 486 F.3d at 7 ("[T]he appellants did not adhere to the record citation requirement. . . . '[F]acts' memorialized in their counter-statement were supported only by references to multiple exhibits."). This lack of specificity left the district court "to grope unaided for factual needles in a documentary haystack" in contravention of the intent of Local Rule 56, which is "to prevent parties from unfairly shifting the burdens of litigation to the court." <u>Id.</u> at 8.

Moreover, the appellants' counter-statement of facts referred to about forty different exhibits, of which fewer than five were properly translated by a certified court interpreter. These submissions were a flagrant violation of Local Rule 10(b), which requires that all documents presented to the district court shall be accompanied by a certified English translation. D.P.R.R.

10(b).[6]  The appellants acknowledge as much, citing their lack of financial resources as an excuse.[7]

Although there is no mechanical rule that establishes whether a statement is properly "short" and "concise" or whether the citations within the opposing statements are adequately specific, the filings provided by the appellants did not "even arguably comply with the spirit or the letter of the rule[s]," particularly to the extent that they referred to untranslated exhibits that were not properly before the court.  The district court did not abuse its discretion in treating Banco Popular's statement of facts as uncontested.  We review its summary judgment determination on that basis.[8]

---

[6] Local Rule 10(b) requires: "All documents not in the English language which are presented to or filed in this Court, whether as evidence or otherwise, shall be accompanied at the time of the presentation or filing by an English translation thereof, unless the Court shall otherwise order.  Such English translation shall be certified by a Court interpreter, except that such certificate may be waived by stipulation of the parties."

[7] Some of these untranslated documents were translated and submitted on appeal.  However, we cannot consider on appeal documents that were not considered below. Aguiar-Carrasquillo, 445 F.3d at 25 ("Because these exhibits were not considered below, we cannot consider them now.").

[8] We note one inconsistency in the court's evaluation of the summary judgment record.  Having concluded that Banco Popular's statement of material facts would be treated as uncontested, the court then proceeded to consider the psychiatric report by Dr. Aida L. Delgado Mateo, which was included as an exhibit to appellants' counter-statement of material facts.  On the basis of this document, the court decided that there were "conflicting psychiatric reports" that gave rise to a genuine issue of material fact.  The court's reliance on this document was inconsistent with its ruling, here affirmed, that Banco Popular's statement of facts

-10-

## III.

Turning to the merits, we assess whether Sánchez established a prima facie case of disability discrimination within the meaning of the ADA. A disability under the ADA is defined as (1) a physical or mental impairment that substantially limits one or more of a person's major life activities; (2) a record of having such an impairment; or (3) being regarded as having such an impairment. 42 U.S.C. § 12102(2). We need only consider whether Sánchez met the first definition of disability because she waived her argument with respect to the other two definitions.[9]

---

was uncontested. Therefore, we exclude Dr. Delgado Mateo's report from our analysis of the court's summary judgment ruling.

We wish to comment further on this inconsistency point. As noted, the district court's ruling on the appellant's noncompliance with the local rule on summary judgment permitted the court to treat the moving party's statement of material facts as uncontested. Nonetheless, the district court considered materials submitted by the nonmoving party in opposition to summary judgment in deciding whether the movant was entitled to judgment as a matter of law. This inconsistency creates uncertainty on appeal about the scope of the summary judgment record. If the district court chooses to conduct alternative analyses -- one viewing the moving party's summary judgment motion as uncontested, the other viewing the motion as properly contested in whole or in part -- it would be helpful to us if the court explicitly acknowledged this alternative approach.

[9] On appeal, appellants argue for the first time that all three of these definitions of disability applied to Sánchez during the time she was employed by Banco Popular. Generally, we will not consider issues raised by the parties for the first time on appeal. See B & T Masonry Constr. Co., Inc. v. Pub. Serv. Mut. Ins., Co., 382 F.3d 36, 40-41 (1st Cir. 2004). Appellants do not even attempt an argument for deviating from this general rule.

-11-

The Supreme Court explained in Toyota Motors Manufacturing, Kentucky, Inc. v. Williams that an impairment's impact must be "permanent or long term" to be considered substantially limiting within the meaning of the ADA. 534 U.S. 184, 198 (2002). We have interpreted this requirement as "encompass[ing] conditions that are potentially long-term, in that their duration is indefinite and unknowable, but not those that are brief or foreseeably temporary." Guzmán-Rosario v. United Parcel Service, Inc., 397 F.3d 6, 11 (1st Cir. 2005)(internal quotations omitted).

Here, the record clearly establishes that Sánchez did not have a substantially limiting condition because her impairment was foreseeably temporary. After Sánchez requested an accommodation, Dr. Rojas completed the medical questionnaire provided by Banco Popular.[10] Dr. Rojas stated that Sánchez's condition (mixed situational disorder) was "not permanent" and that her "[p]rognosis is good." In a later deposition, Dr. Rojas explicitly said that at the time he completed the questionnaire, he perceived the condition to be temporary. On that basis alone, the district court ruled

_____

[10] The ADA regulations state than an employer may need to engage in an informal, interactive process with a disabled employee. 29 C.F.R. § 1630.2(o)(3) (2005); see also Tobin v. Liberty Mut. Ins. Co., 433 F.3d 100, 108 (1st Cir. 2005). Part of this process may involve gathering information from a treating physician regarding the nature of the impairment.

-12-

correctly that the appellants did not establish a prima facie claim for relief under the ADA.

Affirmed.