# United States Court of Appeals
## For the First Circuit

No. 21-1363


ROSA LÓPEZ-HERNÁNDEZ,

Plaintiff, Appellant,

v.

TERUMO PUERTO RICO LLC,

Defendant, Appellee,

TERUMO MEDICAL DEVICES COMPANY,

Defendant.


APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Jay A. García-Gregory, U.S. District Judge]


Before

Kayatta, Howard and Gelpí,
Circuit Judges.


Juan M. Frontera-Suau, with whom Frontera Suau Law Offices, PSC, was on brief, for appellant.
Mariana Muñiz Lara, with whom Janine Guzmán and DLA Piper (Puerto Rico) LLC, were on brief, for appellee.

March 30, 2023

**GELPÍ**, **Circuit Judge**. This is an employment discrimination case brought by an employee who displayed disruptive behavior in the workplace, was denied a promotion for not meeting the qualifications for the job position, and ultimately was dismissed, with the employer citing her pattern of malperformance. Plaintiff-Appellant Rosa López-Hernández ("López-Hernández" or "Appellant") sued Defendant-Appellee Terumo Puerto Rico LLC ("Terumo") alleging gender discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. ("Title VII") and related claims under Puerto Rico law. The district court granted Terumo's motion for summary judgment, López-Hernández appealed. We affirm.

## I. BACKGROUND

López-Hernández brought this action in the District of Puerto Rico. Upon conclusion of discovery, Terumo moved for summary judgment. The district court determined that López-Hernández failed to put forth evidence to allow a reasonable juror to find that Terumo's reasons for not selecting López-Hernández for a promotion and for terminating her employment were pretextual and that those actions were really motivated by gender discrimination or retaliatory motives. Rather, the district court found that there was sufficient unrefuted evidence demonstrating López-Hernández's poor performance, deficient supervisory and interpersonal skills, and violations of company policies

- 3 -

justifying the failure to promote and the eventual termination. Further, the district court found that López-Hernández did not show that Terumo's reasons were implausible or inconsistent, that she was treated differently than similarly situated male employees, or that decisionmakers made gender-based comments related to the termination decision. The district court lastly found that the only alleged comment related to gender was not related to the employment decision in question and was not made by a decisionmaker.

The district court granted Terumo's motion for summary judgment and dismissed López-Hernández's claims with prejudice, finding that she failed to show that Terumo's decisions not to promote her, and later to terminate her employment, were motivated by discriminatory animus. This appeal followed.

## II. DISCUSSION

### A. LOCAL RULE 56

Before delving into the merits of this appeal we find it instructive to first address López-Hernández's failure to comply with District of Puerto Rico's Local Rule 56. Local Rule 56 requires that a motion for summary judgment "be supported by a separate, short, and concise statement of material facts, set forth in numbered paragraphs, as to which the moving party contends there is no genuine issue of material fact to be tried." D.P.R. Civ. R. 56(b). The party opposing the motion for summary judgment must

then "submit with its opposition a separate, short, and concise statement of material facts. The opposing statement shall admit, deny or qualify the facts supporting the motion for summary judgment by reference to each numbered paragraph of the moving party's statement of material facts." Id. 56(c). The facts themselves must be supported by "a citation to the specific page or paragraph of identified record material supporting the assertion." Id. 56(e). Importantly, the court may disregard facts if they are not supported by such a citation. Id. Lastly, facts contained either in the "supporting or opposing statement of material facts, if supported by record citations . . . shall be deemed admitted unless properly controverted." Id.

"Local Rule 56 is in service to Federal Rule of Civil Procedure 56." Tropigas de P.R., Inc. v. Certain Underwriters at Lloyd's of London, 637 F.3d 53, 56 (1st Cir. 2011). Under Federal Rule of Civil Procedure 56, a "party cannot successfully oppose a motion for summary judgment by resting 'upon mere allegations or denials of [her] pleading.'" Garmon v. Nat'l R.R. Passenger Corp., 844 F.3d 307, 312 (1st Cir. 2016) (alteration in original) (quoting Pina v. Child.'s Place, 740 F.3d 785, 795 (1st Cir. 2014)). "[M]ere allegations are not entitled to weight in the summary judgment calculus." Borges ex rel. S.M.B.W. v. Serrano-Isern, 605 F.3d 1, 3 (1st Cir. 2010). The nonmoving party must instead marshal sufficient evidence to show that a genuine issue of

material fact exists.  Cherkaoui v. City of Quincy, 877 F.3d 14, 24 (1st Cir. 2017).  "Like [Federal] Rule [of Civil Procedure] 56 itself, [Local Rule 56] makes clear that its focus is on facts, not speculation or argumentation."  Tropigas, 637 F.3d at 56-57. "Moreover, these facts must be material."  Id. at 57.

Under Local Rule 56, "a district court is free, in the exercise of its sound discretion, to accept the moving party's facts as stated" D.P.R. Civ. R. 56(e) when the statements contained in the movant's Statement of Uncontested Facts ("SUF") are not properly controverted."  Advanced Flexible Cirs., Inc. v. GE Sensing & Inspection Techs. GmbH, 781 F.3d 510, 521 (1st Cir. 2015) (quoting Cabán Hernández v. Philip Morris USA, Inc., 486 F.3d 1, 7 (1st Cir. 2007)).  Said anti-ferret rule is intended to protect the district court from perusing through the summary judgment record in search of disputed material facts and prevent litigants from shifting that burden onto the court.  See CMI Cap. Mkt. Inv., LLC v. González-Toro, 520 F.3d 58, 62 (1st Cir. 2008); P.R. Am. Ins. Co. v. Rivera-Vázquez, 603 F.3d 125, 131-32 (1st Cir. 2010). We have repeatedly emphasized the importance of complying with said local rule and have implored litigants to comply or ignore it "at their peril."  Mariani-Colón v. Dep't of Homeland Sec. ex rel. Chertoff, 511 F.3d 216, 219 (1st Cir. 2007) (quoting Cabán Hernández, 486 F.3d at 7); see also Rodríguez-Severino v. UTC Aerospace Sys., 52 F.4th 448, 458 (1st Cir. 2022).

- 6 -

Before us now is yet another example of the consequence to a litigant who fails to comply with the District of Puerto Rico's Local Rules on summary judgment. See Sánchez-Figueroa v. Banco Popular de P.R., 527 F.3d 209, 210-11 (1st Cir. 2008). Violations of this local rule are astoundingly common and constitute an unnecessary burden to the trial court's docket and time, and frequently make their way before us for review.

López-Hernández responded to Terumo's motion for summary judgment, denying fifty-nine and qualifying seven of Terumo's SUF. These failed to adhere to Local Rule 56(c) & (e)'s record citation requirement. Numerous "facts" memorialized in her opposition statement were supported only by general references to López-Hernández's SUF yet those citations -- to deposition transcripts -- collectively comprised hundreds of pages. First, many of López-Hernández's responses failed to contradict the proffered facts because they included extraneous and irrelevant details, consisting of speculation and conclusory assertions. Additionally, many of the qualifications and denials were not properly supported by a citation. Many of López-Hernández's factual assertions do not actually oppose the truth of the statements Terumo offered, were unaccompanied by "a citation to the specific page or paragraph of identified record material supporting the assertion," D.P.R. Civ. R. 56(e), or cited to lengthy deposition testimony without providing a more specific

location.  See Ruiz Rivera v. Riley, 209 F.3d 24, 28 (1st Cir. 2000) (abrogated on other grounds by Casanova v. Dubois, 289 F.3d 142 (1st Cir. 2002) ("[F]ailure to present a statement of disputed facts, embroidered with specific citations to the record, justifies the court's deeming the facts presented in the movant's statement of undisputed facts admitted.").  Appellant's record citations, rather than cite a "specific page or paragraph" as Rule 56(e) requires, often cite generally to multiple exhibits which are themselves voluminous.[1]  "This is far removed from compliance with the requirement that '[a]n assertion of fact . . . shall be followed by a citation to the specific page or paragraph of

---

[1] For example, at paragraph 20 of its SUF, Terumo states that since López-Hernández started working at the Caguas worksite, she had communication and interpersonal problems because she was not receptive to others' suggestions and made decisions without the required consultation.  López-Hernández denies this fact by referencing twenty-one proposed facts from her own statement of additional facts.  At paragraph 21 of its SUF, Terumo states that between 2016 and early 2017, López-Hernández showed a lack of supervisory skills because she was the first supervisor that the worksite's management team ever received continuous complaints about from the people that she supervised, as well as her peers and support personnel.  López-Hernández denies this fact citing to twenty-nine proposed facts from her own additional statement of facts that do not refute Terumo's paragraph 21.  At paragraph 30 of its SUF, Terumo states that Abigail Rodríguez -- Human Resources Generalist -- received and investigated several complaints against López-Hernández in 2016 that ended in López-Hernández receiving feedback on how to improve how she managed situations and completed quality documentation.  López-Hernández denies this fact, citing to nine proposed facts from her additional statement of facts that do not refute the fact included in Terumo's SUF or the supporting documents which substantiate it.

identified record material supporting the assertion.'" Cabán Hernández, 486 F.3d at 7-8 (quoting D.P.R. Civ. R. 56(e)).

Because of López-Hernández's failure to properly controvert Terumo's statement of uncontested facts, we deem Terumo's statement of uncontested facts admitted under Local Rule 56. With this backdrop we next address our review of the district court's entry of summary judgment.

## B. MOTION FOR SUMMARY JUDGMENT

López-Hernández claims that she was discriminated against on the basis of sex in two contexts. First, she was not selected for a promotion and, close in time, Rafael Benítez ("Benítez"), Operations Director at Terumo, allegedly made comments about not liking her and about not being used to working with women. Second, she was terminated from her employment several months after complaining about Benítez's alleged sex discrimination. We address each in turn.

## 1. STANDARD OF REVIEW

Summary judgment is proper when there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). At summary judgment, "the judge's function is not himself [or herself] to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson

v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986); see also Dusel v. Factory Mut. Ins. Co., 52 F.4th 495, 503 (1st Cir. 2022).

We review a district court's grant or denial of summary judgment de novo, examining the record in the light most favorable to the nonmovant and drawing all reasonable inferences in that party's favor. Murray v. Kindred Nursing Ctrs. W. LLC, 789 F.3d 20, 25 (1st Cir. 2015). "The party moving for summary judgment must show that 'there is no genuine dispute as to any material fact' and that it 'is entitled to judgment as a matter of law.'" Rodríguez-Severino, 52 F.4th at 461 (quoting Fed. R. Civ. P. 56(a)).

## 2. Title VII: SEX DISCRIMINATION

Title VII of the Civil Rights Act of 1964 forbids a covered employer from "discriminat[ing] against any individual with respect to his [or her] compensation, terms, conditions, or privileges of employment, because of such individual's . . . sex." 42 U.S.C. § 2000e-2(a)(1). A plaintiff alleging sex discrimination must establish that the adverse employment action was motivated by the employer's discriminatory animus. Lockridge v. Univ. of Me. Sys., 597 F.3d 464, 470 (1st Cir. 2010). López-Hernández seeks to make that showing in this case only by applying the McDonnell Douglas burden-shifting framework. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-03 (1973). In the failure-to-promote context, we have previously said that: "[A

plaintiff] must show that (1) [s]he is a member of a protected class, (2) [s]he was qualified for the position to which [s]he applied, (3) [s]he was not hired, and (4) an applicant with similar qualifications received the position." Henderson v. Mass. Bay Transp. Auth., 977 F.3d 20, 29 (1st Cir. 2020).

Once the plaintiff establishes a prima facie case, the burden of production shifts to the employer to articulate "a legitimate, nondiscriminatory reason" for the adverse employment action. Kosereis v. Rhode Island, 331 F.3d 207, 212 (1st Cir. 2003). After the employer presents evidence of a non-discriminatory reason, the plaintiff must show that the proffered non-discriminatory reasons are a pretext for unlawful discrimination. Mulero-Rodríguez v. Ponte, Inc., 98 F.3d 670, 673 (1st Cir. 1996). At all times the burden of persuasion remains with the plaintiff. Tex. Dept. of Cmty. Affs. v. Burdine, 450 U.S. 248, 255-56 (1981); Mariani-Colón, 511 F.3d at 221.

Although we draw all reasonable inferences in the nonmovant's favor, we will not "draw unreasonable inferences or credit bald assertions, empty conclusions, rank conjecture, or vitriolic invective." Cabán-Hernández, 486 F.3d at 8. It bears repeating that genuine issues of material fact are "not the stuff of an opposing party's dreams," Mesnick v. Gen. Elec. Co., 950 F.2d 816, 822 (1st Cir. 1991), and "a party cannot successfully oppose a motion for summary judgment by resting 'upon mere

allegations or denials of his pleading,'" Pina, 740 F.3d at 795 (quoting LeBlanc v. Great Am. Ins., 6 F.3d 836, 841 (1st Cir. 1993)).

López-Hernández places great weight on her deposition testimony that, when reviewing her 2016 performance evaluation, during the selection process for the Senior Production Manager, Benítez told her that he treated her differently because of her gender, because she was commanding, and he did not think that women could have backbone and character. In her deposition, López-Hernández also testified that Benítez told her that he would decide who held the Senior Production Supervisor role.

Notwithstanding, if the record shows as a matter of law that López-Hernández was not qualified for the position of Senior Production Supervisor, her discrimination claim must fail. See, e.g., Goncalves v. Plymouth Cnty. Sheriff's Dep't, 659 F.3d 101, 107 (1st Cir. 2011) (affirming grant of summary judgment for the employer because the plaintiff "failed to show that she was . . . qualified" and thus could not "meet her burden of showing a prima facie case of discrimination"); Rathbun v. Autozone, Inc., 361 F.3d 62, 71 (1st Cir. 2004) (explaining that a plaintiff must show that she "was qualified for an open position for which she applied" as a prima facie element of a failure-to-promote claim). That is the case here, as evidenced by the facts deemed admitted under Local Rule 56.

The Senior Production Supervisor job required:

> Excellent communication, interpersonal, supervisory and teamwork skills, including abilities for people management, motivating the personnel to obtain top performance, handling personnel scheduling, evaluating discipline, providing coaching, ensuring adequate communication with staff, serving as liaison with other production supervisors for efficient transitions, ensuring compliance with all procedures, and communicating in English and Spanish.

Under Terumo's Employee Manual, an internal candidate seeking a promotion must have satisfactorily performed in his/her current role for a minimum of one year and must meet the qualifications for the new position in order to be considered.

In the three and a half years in which López-Hernández worked for Terumo and its predecessor, the company received a steady stream of complaints from López-Hernández's peers, subordinates, and support personnel about her interpersonal, supervisory, and communication skills. These complaints included reports that López-Hernández was disrespectful to her subordinates, that she showed favoritism to some employees and retaliated against others, that she gave her subordinates incorrect or conflicting instructions about procedures, that the team she supervised did not complete pending tasks and required documentation, and that she did not verify that operators under her supervision were following quality procedures. Terumo produced exhibits from twenty different individuals (including

- 13 -

human resources professionals, López-Hernández's supervisors, and employees who had submitted complaints regarding López-Hernández to the company) to evidence these complaints. López-Hernández was given feedback, repeatedly, for failing to adequately perform her duties as a supervisor, including for her mistreatment of employees and failure to maintain quality controls.

López-Hernández did not communicate effectively and was often hostile and disrespectful to other employees in documented incidents. She rejected feedback and coaching opportunities despite being offered multiple opportunities to improve. The Senior Production Supervisor position required the ability to energize and motivate subordinates; López-Hernández, however, had created such a hostile work environment among her group that several of her subordinates sought psychiatric services, several asked to have their shifts changed so that they no longer had to work with her, and her team reported feeling tense and unmotivated. Moreover, the Senior Production Supervisor role required leadership in achieving quality and safety goals, and here too López-Hernández fell short. She had not mastered fundamental information about the production process and quality requirements and had, instead, implemented changes that would have been detrimental to the production process and allowed subordinate employees to work in areas for which they were not certified or perform tasks they were not prepared to complete. López-Hernández

and her subordinates had also consistently failed to complete required documentation about the production process as required for quality procedures, and when she did complete the documentation, she did so incorrectly, which required other employees to revise or re-do the documentation. This pattern of behavior persisted throughout López-Hernández's tenure at two different sites and while she was supervised by three different supervisors, and her 2014, 2015, and 2016 evaluations identified her interpersonal, supervisory, and communication skills as "areas of opportunity" requiring improvement. Because of López-Hernández's deficiencies in her Production Supervisor role -- specifically, the performance issues and multiple complaints made by so many different individuals against her -- Human Resources did not recommend that she be promoted to the Senior Production Supervisor job. Finally, the Senior Production Supervisor needed to be bilingual in English and Spanish, and López-Hernández was not a fluent English-speaker. Terumo fully supported this litany of shortcomings in its statement of material facts, which were in turn supported by citations to the record. Appellant, in turn, failed to properly controvert the same, disregarding Local Rule 56.

López-Hernández also contends that if her performance issues were "as ample and as ongoing" as Terumo asserted, then she should have been terminated. This does not actually deny the

complaints made against her or the performance deficiencies identified by Terumo, and the company made clear that it raised these deficiencies with López-Hernández in repeated attempts to help her improve her job performance, thus explaining why she was not previously terminated.

López-Hernández asks us to disregard Terumo's evidence, arguing that it comes from interested witnesses and therefore may not be considered under Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133 (2000). In Reeves, the Supreme Court explained that, at summary judgment, a court:

> Must disregard all evidence favorable to the moving party that the jury is not required to believe. That is, the court should give credence to the evidence favoring the nonmovant as well as that 'evidence supporting the moving party that is uncontradicted and unimpeached, at least to the extent that that evidence comes from disinterested witnesses.'

Id. at 151. (quoting 9A C. Wright & A. Miller, Federal Practice and Procedure § 2529, at 300 (2d ed.1995)).

In Dennis v. Osram Sylvania, Inc., as here, the appellant argued that the district court at the summary judgment stage should not have credited certain declarations because the proponents were interested parties. 549 F.3d 851, 856 (1st Cir. 2008). We held that the appellant misread the scope of Reeves and explained that "[a]t summary judgment we need not exclude all interested testimony, specifically testimony that is uncontradicted by the

nonmovant." Id. (citing Lauren W. ex rel. Jean W. v. DeFlaminis, 480 F.3d 259, 271–72 (3d Cir. 2007)). Doing so, we acknowledged, would make it impossible for employers at the summary judgment stage to defend against retaliation claims, especially at the second step of the burden-shifting framework described infra. Id. And in this case, any argument for ignoring fulsome evidence of performance deficiencies is undercut by the volume of specific and similar complaints over time from so many different employees, documented long before the decision at issue here was made.

As we concluded previously, López-Hernández failed to adequately controvert Terumo's statement of uncontested material facts, and like the appellant in Dennis, she reads Reeves too narrowly to compel the result she seeks. We therefore conclude that López-Hernández has failed to make out a prima facie case of discrimination on her failure-to-promote claim.

### 3. Title VII: Retaliation

López-Hernández further contends that the district court erroneously dismissed her retaliation claim under Title VII. She posits that, nearly five months after she lodged an internal sex discrimination complaint against Benítez, Terumo terminated her employment in retaliation. She further acknowledges that while temporal proximity may suggest retaliation, it is not sufficient in certain cases to sustain a reasonable inference of the but-for causation required to prevail in a retaliation action.

The district court concluded that "[a]ssuming arguendo that [López-Hernández] could make a prima facie case of retaliation, [Terumo] has produced substantial evidence of a non-discriminatory reason for Plaintiff's termination, namely the plethora of complaints filed against her for violations of company policies and mistreatment of her coworkers." López-Hernández, 2021 WL 1811641, at *4. The district court also concluded that the Appellant had simply not shown that Terumo's stated reason was false and pretextual, nor had she provided sufficient evidence to even establish the existence of a trial-worthy issue. Moreover, it reasoned that Appellant's reliance on temporal proximity was misplaced. "[W]hile temporal proximity is one factor from which an employer's bad motive can be inferred, by itself, it is not enough -- especially if the surrounding circumstances undermine any claim of causation." López-Hernández, 2021 WL 1811641, at *4 (quoting Carrero-Ojeda v. Autoridad de Energía Eléctrica, 755 F.3d 711, 720 (1st Cir. 2014)).

"Title VII bars employers from retaliating against an . . . employee because she 'has opposed any practice made an unlawful employment practice by this subchapter, or because [s]he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter.'" Garayalde-Rijos v. Mun. of Carolina, 747 F.3d 15, 24 (1st Cir. 2014) (quoting 42 U.S.C. § 2000e-3(a)).

- 18 -

When direct evidence of retaliation is lacking, as it is here, we utilize a familiar burden-shifting framework. To establish a prima facie case of retaliation, López-Hernández must show: "(1) she engaged in protected conduct; (2) she suffered an adverse employment action; and (3) that a 'causal nexus exists between the protected [conduct] and the adverse action.'" Garayalde-Rijos, 747 F.3d at 24 (third alteration in original) (quoting Ponte v. Steelcase Inc., 741 F.3d 310, 321 (1st Cir. 2014)); see also Univ. of Tex. S.W. Med. Ctr. v. Nassar, 570 U.S. 338, 360 (2013) ("Title VII retaliation claims must be proved according to traditional principles of but-for causation."). "Once the plaintiff makes out this prima facie case, the burden shifts to the defendant to articulate a legitimate, non-retaliatory explanation for its actions." Planadeball v. Wyndham Vacation Resorts, Inc., 793 F.3d 169, 175 (1st Cir. 2015). If the defendant is able to do so, the burden then returns to the plaintiff "to show that the defendant's explanation is a pretext for unlawful retaliation." Id.

We now turn to the first requirement: protected activity. Neither party disputes that the internal complaint constituted protected activity. The parties also agree that Appellant satisfies the second requirement, as termination is an adverse employment event. Marrero v. Goya of P.R., Inc., 304 F.3d

- 19 -

7, 23 (1st Cir. 2002) (citing Hernandez-Torres v. Intercontinental Trading, Inc., 158 F.3d 43, 47 (1st Cir. 1998)).

Terumo argues that López-Hernández cannot show the requisite causal connection between the internal complaint and her termination since its decision to terminate her was based on her misconduct and Benítez was not involved in said decision. We agree. The temporal proximity of almost five months between the internal complaint and the misconduct that led to López-Hernández's dismissal does not evidence that there was a causal connection between Appellant's complaint and her termination. Calero-Cerezo v. U.S. Dep't of Just., 355 F.3d 6, 25 (1st Cir. 2004) ("Three and four month periods have been held insufficient to establish a causal connection based on temporal proximity."). Besides asserting that she was dismissed four and a half months after filing an internal complaint, López-Hernández fails to set forth evidence connecting her protected activity to the adverse action. See Ramírez Rodríguez v. Boehringer Ingelheim Pharms., Inc., 425 F.3d 67, 85 (1st Cir. 2005); Wright v. CompUSA, Inc., 352 F.3d 472, 478 (1st Cir. 2003) (explaining chronological proximity does not establish causality by itself, especially if "[t]he larger picture undercuts any claim of causation" (quoting Soileau v. Guilford of Me., Inc., 105 F.3d 12, 16 (1st Cir. 1997))).

In view of the uncontested facts, Appellant has not shown that a reasonable jury could conclude that her internal sex discrimination complaint was the but-for cause of her termination. Summary judgment was thus also proper on López-Hernández's retaliation claim.

**4. PUERTO RICO LAW CLAIMS**

López-Hernández also raised claims under Puerto Rico Laws 100, 69, and 115, the local counterparts to federal anti-sex discrimination and retaliation statutes.[2]  These are subject to the same analysis as their federal counterparts.  Indeed, Title VII's anti-retaliation law and the anti-retaliation provisions under Puerto Rico Law 115 largely overlap.  "Law 100, for all intents and purposes, is . . . the Puerto Rican 'analog[ue] to Title VII.'"  Rivera-Rivera v. Medina & Medina, Inc., 898 F.3d 77, 97 (1st Cir. 2018) (quoting Monteagudo v. Asociación de Empleados del Estado Libre Asociado de P.R., 554 F.3d 164, 169 n.3 (1st Cir. 2009)).  Similarly, "Law 69's prohibitions on gender-based employment discrimination . . . appears to be aligned with Title VII law; the latter's precedents being used freely to construe the former."  Id. (quoting Gerald v. Univ. of P.R., 707 F.3d 7, 28 (1st Cir. 2013)).

---

[2] Puerto Rico Law 100 of June 30, 1959, P.R. Laws Ann. tit. 29, §§ 146 et seq., Puerto Rico Law 115 of December 20, 1991, Laws Ann. tit. 29, § 194a and Puerto Rico Law 69 of July 6, 1985, P.R. Laws Ann. tit. 29 § 1321.

Given the symmetry between the anti-retaliation provisions under Title VII and Puerto Rico Laws discussed above, we affirm the dismissal of López-Hernández's Puerto Rico anti-discrimination and anti-retaliation claims for the same reasons that we affirmed the dismissal of her Title VII claims. See Bonilla-Ramirez v. MVM, Inc., 904 F.3d 88, 96-97 (1st Cir. 2018).

Lastly, López-Hernández also brought a claim under Law 80, which "requires employers to compensate at-will employees who are discharged without just cause." Ruiz-Sánchez v. Goodyear Tire & Rubber Co., 717 F.3d 249, 254 (1st Cir. 2013). While Law 80 does not have a federal equivalent, the record contains ample evidence that López-Hernández was terminated for just cause. Moreover, López-Hernández fails to develop any argument as to her Law 80 claim and, thus, we deem it waived. See Rivera-Gomez v. de Castro, 843 F.2d 631, 635 (1st Cir. 1988) (explaining that "a litigant has an obligation 'to spell out its arguments squarely and distinctly,' or else forever hold its peace." (quoting Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985, 990 (1st Cir. 1988))).

As such, we affirm the dismissal of López-Hernández's Puerto Rico law claims.[3]

---

[3] Even if López-Hernández's Puerto Rico law claims survived the dismissal of her Title VII discrimination and retaliation

- 22 -

## III.  CONCLUSION

The judgment of the district court is

**AFFIRMED**.[4]

---

claims, we consider each waived for lack of any meaningful development since López-Hernández does not address said claims apart from one sentence at the conclusion of her brief.  See United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.").

[4] It is also very helpful to this court when the district court specifies precisely what facts it is deeming admitted due to the lack of an effective rejoinder compliant with Local Rule 56. This undoubtedly can involve more work, but it increases the likelihood of a correct result, saves much time on appeal, and reduces the likelihood of a do-over.  See supra note 1..