# United States Court of Appeals
## For the First Circuit

No. 08-2012
No. 08-2274

PUERTO RICO AMERICAN INSURANCE COMPANY ET AL.,

Plaintiffs, Appellees,

v.

RAFAEL RIVERA-VÁZQUEZ ET AL.,

Defendants, Appellants.

APPEALS FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Salvador E. Casellas, U.S. District Judge]

Before

Lynch, Chief Judge,
Selya and Lipez, Circuit Judges.

María I. Santos Rivera, for appellants.
James W. McCartney, with whom Rafael Barreto-Solá and Cancio,
Nadal, Rivera & Díaz were on brief, for appellees.

May 5, 2010

**SELYA**, **Circuit Judge**.  The defendants, Rafael Rivera-Vázquez (Rivera) and Isabel Hurtado, husband and wife, appeal from (i) the entry of summary judgment against them, (ii) the denial of their cross-motion for summary judgment, and (iii) the denial of a discovery-related motion.[1]  In the final analysis, the appeals turn on the proper handling of cross-motions for summary judgment.  Concluding, as we do, that the district court abused its discretion by applying materially different procedural requirements to the two motions, we wipe the slate clean.  On unrelated grounds, we vacate the discovery-related order.  The district court must revisit these matters anew.

## I.  BACKGROUND

These appeals arise out of a massive civil action commenced in Puerto Rico's federal district court by nine insurance companies against hundreds of defendants under the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961-1968.  The complaint posited that the defendants had engaged in a wide-ranging scheme to defraud the insurers by submitting false automobile insurance claims in violation of both RICO and a Puerto Rico anti-fraud statute, P.R. Laws Ann. tit. 31, § 5141.  We limit our discussion to the claims against the appellants: Rivera,

---

[1] There are two appeals, one from the entry of a partial judgment and the other from the entry of a final judgment (which subsumes the partial judgment).  For all practical purposes, the two appeals have merged.  See SEC v. SG Ltd., 265 F.3d 42, 44 (1st Cir. 2001).

Hurtado, and their conjugal partnership. The appellees are five of the plaintiffs below, namely, Puerto Rico American Insurance Company (PRAICO), National Insurance Company, Universal Insurance Company, Caribbean Alliance Insurance Company (CAICO), and Cooperativa de Seguros Múltiples de Puerto Rico.[2]

The operative pleading for present purposes is the second amended complaint, which added Rivera, Hurtado, and their conjugal partnership as defendants. The complaint alleged that Rivera participated in a number of fraudulent claims, both as an attorney representing claimants and as a claimant himself. The complaint further alleged that Hurtado took part in the swindle as a claimant.

The case proceeded through discovery. One discovery-related ruling is pertinent to these appeals. We sketch the circumstances relevant to this ruling.

During discovery, the appellants requested that the insurers make certain admissions. See Fed. R. Civ. P. 36(a)(1). Receiving no responses within the allotted time, the appellants moved for an order deeming admitted the matters delineated in their requests. The district court denied the motion and extended the time for responding. The insurers served their responses within

---

[2] Integrand Assurance Company is also listed on the consolidated briefs as an appellee, but we are unable to ascertain how Integrand is involved in these appeals. We leave it to the district court, on remand, to resolve Integrand's status.

-3-

this extended period. The appellants objected, asserting that the matters set forth in the requests should be deemed admitted because the responses did not comply with Rule 36.

The objection lay fallow for slightly more than three years. At that point the district court, treating the objection as a motion,[3] denied it on the ground that the appellants had failed to include the required certification. See D.P.R.R. 26(b) (providing that a district court "shall not consider any discovery motion that is not accompanied by a certification that the moving party has made a reasonable and good-faith effort to reach an agreement with opposing counsel on the matters set forth in the motion").

During the protracted period in which the parties were squabbling over the requests for admission, the summary judgment issues were starting to crystallize. The district court had set a deadline of February 17, 2006, for the filing of dispositive motions. On February 16, the insurers filed a motion for partial summary judgment.[4] They supported their motion with a separate statement of uncontested facts (SUF) and a series of affidavits.

---

[3] Neither side challenges the district court's characterization of the objection as a motion. We therefore take no view of the accuracy of that taxonomy.

[4] This motion targeted the appellants and two other defendants. We restrict our discussion to the appellants.

-4-

The motion sought to impose liability on the appellants under sections 1962(c) and (d) of RICO.

One day later (and within the period prescribed by the district court), the appellants filed a cross-motion for summary judgment, supported by a separate SUF. This cross-motion sought the dismissal of all claims against them. On March 30, 2006, the insurers filed a timely opposition, but did not respond to the appellants' SUF. In their opposition, the insurers mentioned that, on February 21, 2006, Rivera had pleaded guilty to a criminal information charging him with conspiring to devise a scheme to defraud insurance companies in violation of 18 U.S.C. §§ 371, 1341. The insurers attached the information and plea agreement to their opposition.

On April 18, 2006, the appellants filed an opposition to the insurers' summary judgment motion, supported by a separate response to the insurers' SUF.

On June 12, 2008, the district court addressed the insurers' motion for summary judgment. The court granted that motion in part and denied it in part.[5] In its opinion, the court held that the insurers' SUF was proper in form, appropriately supported by affidavits, and compliant in all other respects with the requirements of the local rules. P.R. Am. Ins. Co. v. Burgos

_____

[5] The court denied relief to four of the insurance company plaintiffs. Those rulings are not before us.

(PRAICO I), No. 01-1186, slip op. at 3 (D.P.R. June 12, 2008) (unpublished) (citing D.P.R.R. 56). The court also held that the appellants' opposition failed to comply with the local rules and, accordingly, deemed admitted the facts set out in the insurers' SUF. Id. at 5 (citing D.P.R.R. 56(e)). Based on this ruling the court concluded, as a matter of undisputed fact, that Rivera had filed fraudulent insurance claims, both as an attorney representing other claimants and to his own behoof, with PRAICO, Cooperativa, National, CAICO, and Universal. Id. Similarly, the court concluded, as a matter of undisputed fact, that Rivera and Hurtado had jointly filed a false claim with National. Id. at 6. Moving to damages, the court concluded, as a matter of undisputed fact, that the insurers had paid these bogus claims, resulting in specific monetary losses. Id. at 5-6. With these determinations in place, the court held that the summary judgment record satisfied the requirements for liability under RICO § 1962(c), id. at 10, and proceeded to award treble damages in the insurers' favor. Id. (citing 18 U.S.C. § 1964(c)). The court entered a partial judgment against the appellants in these amounts.

In a separate opinion, issued more than a month later, the district court granted in part and denied in part the appellants' cross-motion for summary judgment. The court noted that the appellants' SUF complied with the local rules and that the insurers had neglected to file the separate response to the SUF

required by those rules. P.R. Am. Ins. Co. v. Burgos (PRAICO II), No. 01-1186, slip op. at 5 (D.P.R. July 29, 2008) (unpublished). Based on this deficiency, the court deemed admitted some of the facts limned in the appellants' SUF. Id. But the court stopped short of deeming all the facts admitted; rather, it concluded that, despite the insurers' failure to file a counter-statement, it would not deem admitted any facts that contradicted the facts on which its earlier partial judgment rested. Id.

This truncated view of the record led the district court to deny the cross-motion with respect to the claims asserted against the appellants by PRAICO, Cooperativa, National, CAICO, and Universal. Id. The court exonerated the appellants with respect to other claims. See id. at 7; see also supra note 5. This included a determination that Hurtado had not submitted false claims to PRAICO, Universal, or Cooperativa. PRAICO II, slip op. at 8. The court thereupon entered another partial judgment.

On August 8, 2008, the district court entered a final judgment.[6] We have jurisdiction over the ensuing appeals pursuant to 28 U.S.C. § 1291.

## II. ANALYSIS

Before us, the appellants asseverate that the district court abused its discretion in disregarding their opposition to the

---

[6] The court did not hinge any portion of this judgment or any of its underlying decisions on Rivera's guilty plea in the criminal case.

-7-

SUF that accompanied the insurers' motion for summary judgment; that, in all events, the lower court treated them unfairly by applying materially different standards to the adjudication of the two motions for summary judgment; and that the court erred in its final ruling concerning their requests for admission.[7] We discuss the first two assignments of error together and then move to the third.

### A. **Summary Judgment Practice**.

When passing upon a motion for summary judgment, a district court must take the facts in the light most favorable to the nonmoving party, drawing all reasonable inferences therefrom to that party's behoof. Cabán Hernández v. Philip Morris USA, Inc., 486 F.3d 1, 8 (1st Cir. 2007). This standard operates in conjunction with a district court's local anti-ferret rule. When the district court, acting in pursuance of an anti-ferret rule, deems admitted facts contained in the movant's SUF, those facts are considered not properly controverted, but the district court must still apply the standard articulated in Federal Rule of Civil Procedure 56. In such circumstances, we review the district court's deeming order for abuse of discretion. CMI Capital Mkt. Inv., LLC v. González-Toro, 520 F.3d 58, 63 (1st Cir. 2008). This

---

[7] The appellants also claim that (i) the facts set forth in the insurers' SUF should have been ignored because these facts were supported only by inadmissable hearsay; and (ii) the record does not support an award of treble damages against Hurtado. We have no need to reach those claims today.

entails "a special degree of deference . . . to [the] court's interpretation of its own local rules." Crowley v. L.L. Bean, Inc., 361 F.3d 22, 25 (1st Cir. 2004) (quoting In re Jarvis, 53 F.3d 416, 422 (1st Cir. 1995)). Apart from any judgment calls concerning the application of the local rule, the ultimate decision to grant summary judgment is reviewed de novo. Cabán Hernández, 486 F.3d at 8.

Local Rule 56 of the United States District Court for the District of Puerto Rico is such an anti-ferret rule. It requires a party moving for summary judgment to submit a "separate, short, and concise statement of material facts, set forth in numbered paragraphs, as to which the moving party contends there is no genuine issue of material fact." D.P.R.R. 56(b). Each fact must be supported by a citation to a specific paragraph or page of the summary judgment record. D.P.R.R. 56(e).

A party opposing a motion for summary judgment must submit a counter-statement, which "shall admit, deny or qualify the facts by reference to each numbered paragraph of the moving party's statement of material facts and unless a fact is admitted, shall support each denial or qualification by a record citation." D.P.R.R. 56(c). Properly supported facts contained in an SUF shall be deemed admitted unless controverted in the manner prescribed by the local rule. D.P.R.R. 56(e).

In this case, the appellants' first line of argument is that the district court should not have deemed admitted the facts set forth in the insurers' SUF. The mainstay of this argument is that their opposition to the SUF complied with Local Rule 56. In this regard, they stress that their opposing statement addressed all of the SUF's declared facts in the order in which they appeared.

This argument is disingenuous. Even a cursory glance at the opposition reveals that the appellants wholly failed to "admit, deny or qualify the facts by reference to each numbered paragraph of the moving party's statement of material facts." D.P.R.R. 56(c). This is starkly evident from a side-by-side comparison of the SUF and the opposition. Although the SUF contains eighty-eight numbered paragraphs of facts, the opposition nowhere matches up with, or even references, these numbered paragraphs. Rather, it comprises twenty-five numbered paragraphs, divided into five, separately numbered sections, and repeatedly lumps responses to several separately declared facts into a single sentence.

The appellants counter that any failure of compliance was technical and, therefore, harmless. This ipse dixit overlooks the root purpose of an "anti-ferret" rule. This type of rule is aimed at enabling a district court to adjudicate a summary judgment motion without endless rummaging through a plethoric record. See CMI Capital Mkt. Inv., 520 F.3d at 62; Ríos-Jiménez v. Principi,

520 F.3d 31, 38 (1st Cir. 2008); Mariani-Colón v. Dep't of Homeland Sec., 511 F.3d 216, 219 (1st Cir. 2007). Given this root purpose, we have held with a regularity bordering on the monotonous that parties ignore the strictures of an "anti-ferret" rule at their peril. See, e.g., Ruiz Rivera v. Riley, 209 F.3d 24, 28 (1st Cir. 2000).

We add, moreover, that it is primarily the role of the district court to determine what departures from a local rule may be tolerated. United States v. Diaz-Villafane, 874 F.2d 43, 46 (1st Cir. 1989). Here, the district court concluded that the appellants' failure to comply with Local Rule 56 was material. This conclusion makes sense: had the district court overlooked the appellants' noncompliance, it would have had to comb through the opposition in an effort to match the appellants' non-conforming responses to the facts set forth in the insurers' SUF. Only then could the court have determined which facts were genuinely controverted and which were not. This is exactly the sort of archeological dig that anti-ferret rules are designed to prevent.

The appellants have a fallback position. They contend that because they incorporated by reference in their opposition to the insurers' motion their own SUF (which was attached to their cross-motion for summary judgment), they made clear their version of the facts. They strive to persuade us that this incorporation

by reference constituted substantial compliance with Local Rule 56. We are not convinced.

As indicated above, Local Rule 56 serves the important purpose of "prevent[ing] parties from shifting to the district court the burden of sifting through the inevitable mountain of information generated by discovery in search of relevant material." Ríos-Jiménez, 520 F.3d at 38. The appellants' SUF did not address, paragraph by paragraph or statement by statement, the insurers' SUF. Even if the district court could have gleaned the parties' positions by independent analysis of the two documents, that was not the court's job. A party cannot circumvent the requirements imposed by an anti-ferret rule simply by filing a cross-motion for summary judgment and expecting the district court to do the party's homework.

Nevertheless, the appellants' cross-motion is significant in another respect. The district court determined that the appellants' SUF, which accompanied the cross-motion, complied with Local Rule 56. PRAICO II, slip op. at 5. The court also determined that the insurers had failed to proffer the counter-statement required by that rule. Id. The court acknowledged that, given this noncompliance, it ought to deem admitted the facts contained in the appellants' SUF. See id.; see also D.P.R.R. 56(e). But the court nonetheless declined to deem admitted those facts that contradicted the facts on which its earlier summary judgment order rested.

-12-

PRAICO II, slip. op. at 5.  That led the court to deny the appellants' motion for summary judgment against the five insurers in whose favor the earlier order ran (the appellees here).

The appellants argue that the court treated the two SUFs differently.  This is undeniably so.  The appellants add that this approach unfairly gave preference to the facts set forth in the insurers' SUF merely because the court happened to decide the insurers' motion first.  This differential treatment, they say, constituted an abuse of discretion.  We agree.

To be sure, a district court has broad discretion in the administration and enforcement of its own local rules.  Diaz-Villafane, 874 F.2d at 46.  But this discretion is not unbridled. Id.  Rules must be administered evenhandedly and applied consistently.  To deviate from a local rule, the court "(1) must have a sound reason for doing so, and (2) must ensure that no party's substantial rights are unfairly jeopardized."  Id.; accord García-Goyco v. Law Envtl. Consultants, Inc., 428 F.3d 14, 19-20 (1st Cir. 2005).  Fundamental fairness is the mainstay of this paradigm.  See Wight v. BankAmerica Corp., 219 F.3d 79, 85-86 (2d Cir. 2000).

In the case at hand, the district court faced a dilemma — but it was a dilemma of the court's own making.[8]  The court could

---

[8] To be sure, the parties bear the lion's share of the responsibility for the predicament in which the district court found itself.  Had each of the parties filed responses to the

-13-

have considered both motions for summary judgment at the same time. For some unexplained reason, it eschewed that course. Thus, at the time it took up the appellants' motion, the court realized that following the local rule and deeming admitted all the facts contained in the appellants' SUF would require it to deem admitted facts that were in open contradiction to the facts upon which the earlier summary judgment rested. That, in turn, would result in the entry of a judgment that directly conflicted with the earlier judgment.

The prospect of this bizarre result sent up a red flag. It counselled in favor of a careful review of the available options and a balancing of the equities. Here, however, the court warded off the potential conflict by giving one set of litigants (the insurers) a largesse that it withheld from the other set of litigants (the appellants). To be specific, the court, having strictly enforced Local Rule 56 against the appellants in connection with the insurers' summary judgment motion, excused the insurers from compliance with that rule in connection with the appellants' summary judgment motion.

Because the inconsistency is patent — the court held opposing parties to materially different standards in the application and enforcement of a local rule — the inquiry reduces

_____

other's SUF in compliance with the local rule, this problem easily could have been avoided.

to whether the court had good cause to justify the differential treatment.  See Diaz-Villafane, 874 F.2d at 46.  In mounting such an inquiry, context is important.  Here, the district court reasoned that the appellants could not be allowed to cure defects in their opposition to the insurers' summary judgment motion by filing their own cross-motion.  PRAICO II, slip op. at 5.  This reasoning is valid in the abstract, but the court's attempt to use it here does not withstand scrutiny.

This is not a situation in which a party tried to rectify its noncompliance with the local rule by filing a cross-motion for summary judgment after the time had run for opposing a summary judgment motion.  By contrast, both sides in this case filed motions for summary judgment within the same time frame — the motions were filed a day apart, and both were filed within the period prescribed by the district court for the service of dispositive motions.  Thus, the timing is a non-issue.  On these facts, where neither side properly contested the other's SUF in the manner prescribed by Local Rule 56, strictly enforcing the local rule against one party while excusing the other party's noncompliance cannot be countenanced.

Here, moreover, the appellants' rights were prejudiced by the district court's inconsistent application of the local rule. The court's decision to address the insurers' motion first led it, in effect, to apply the insurers' version of the facts to both motions.  Based on that decision, the court granted the insurers'

-15-

motion for summary judgment against the appellants and denied the appellants' motion for summary judgment.

The arbitrariness of this approach is obvious: had the district court opted to consider the appellants' motion first, the shoe would have been on the other foot; the district court would have applied the appellants' version of the facts across the board; and, presumably, the appellants would have prevailed on both motions. The outcome of litigation should not be permitted to turn on so vagarious a choice.

It is settled law that each cross-motion for summary judgment must be decided on its own merits. See, e.g., Blackie v. Maine, 75 F.3d 716, 721 (1st Cir. 1996). That does not mean, however, that each motion must be considered in a vacuum. Where, as here, cross-motions for summary judgment are filed simultaneously, or nearly so, the district court ordinarily should consider the two motions at the same time. If the court opts to consider them at different times, it must at the very least apply the same standards to each.

To sum up, the two SUFs (each properly supported and effectively uncontested) directly contradicted each other. Faced with that situation, we think that the court should have denied both motions without prejudice and directed the parties to refile. After all, the first summary judgment order was merely an order for partial summary judgment which did not dispose of all claims amongst

all parties.  Consequently, that order could be revisited by the district court at any time up until the entry of final judgment. See Fed. R. Civ. P. 54(b); see also Williamson v. UNUM Life Ins. Co. of Am., 160 F.3d 1247, 1251 (9th Cir. 1998); Anixter v. Home-Stake Prod. Co., 977 F.2d 1533, 1548 (10th Cir. 1992); 10 James Wm. Moore et al., Moore's Federal Practice § 56.41[2][a], at 56-334 (3d ed. 2010).  Instead, the court avoided the paradox of entering two conflicting orders by applying Local Rule 56 inconsistently to the parties' motions without good cause for doing so.  Because this differential treatment unfairly prejudiced the appellants, we hold that the district court abused its discretion.  It follows that both orders (as between these parties) must be vacated.[9]

## B.  **Requests for Admission**.

There is one loose end.  The appellants claim that the district court abused its discretion in denying their motion to deem admitted the matters limned in their requests for admission.  The appellants add that this bevue prejudiced them because, had the matters in question been deemed admitted, that would have strengthened their hand at summary judgment.  Because the propriety

---

[9] The insurers suggest that the district court's summary judgment orders can be upheld on the basis of Rivera's guilty plea in the criminal case.  The district court did not address the effect of the plea, and the issue is not clear-cut.  Thus, even though we have discretion to affirm a summary judgment order on alternate grounds, the course of prudence in this case is to allow the parties to raise the issue before the district court.  See Velazquez-Rivera v. Danzig, 234 F.3d 790, 795 n.2 (1st Cir. 2000).

of summary judgment must be revisited, see supra Part II(A), efficiency concerns prompt us to address this claim of error now.

"A party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of [certain] matters." Fed. R. Civ. P. 36(a)(1). Under this rule, "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection." Fed. R. Civ. P. 36(a)(3).

The appellants resorted to this procedure during discovery. After some procedural skirmishing, not now relevant, the insurers served responses to the requests for admission. The appellants, thinking the responses evasive, asked the district court to treat as admitted the matters delineated in the requests. The district court denied this motion on the ground that the motion lacked the requisite certification. See D.P.R.R. 26(b).

The appellants suggest that the district court simply misread the record. A review of the court papers validates this suggestion: the appellants did include the required certification in their motion. Because the district court's error is obvious, the order appealed from must be set aside. The district court, on remand, should address the motion on the merits prior to considering the motions for summary judgment.

**III. CONCLUSION**

We need go no further. For the reasons elucidated above, the order denying the appellants' Rule 36 motion is vacated; the orders on the cross-motions for summary judgment are likewise vacated; and the case is remanded to the district court for further proceedings consistent with this opinion. All parties shall bear their own costs.

**So Ordered**.