**Not for Publication in West's Federal Reporter**

# United States Court of Appeals
## For the First Circuit

No. 15-1565

JOSÉ DAVID ALEMÁN-PACHECO,

Plaintiff, Appellant,

v.

UNIVERSAL GROUP, INC. and UNIVERSAL INSURANCE COMPANY,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Jay A. García-Gregory, U.S. District Judge]
[Hon. Camille L. Vélez-Rivé, U.S. Magistrate Judge]

Before

Howard, Chief Judge,
Torruella and Selya, Circuit Judges.

Carlos M. Sánchez-La Costa for appellant.
Israel Fernández-Rodríguez, with whom Juan J. Casillas-Ayala and Casillas Santiago Torres LLC were on brief, for appellees.

March 23, 2016

**Per curiam**.  This civil action is brought under diversity jurisdiction.  See 28 U.S.C. § 1332(a).  Puerto Rico law supplies the substantive rules of decision.  See Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78 (1938); Summers v. Fin. Freedom Acq. LLC, 807 F.3d 351, 354 (1st Cir. 2015); see also P.C.M.E. Comm'l, S.E. v. Pace Membership Warehouse, Inc., 952 F. Supp. 84, 88 (D.P.R. 1997).

At bottom, the case is simple.  Plaintiff-appellant José David Alemán-Pacheco sues his automobile insurers, defendants-appellees Universal Insurance Company and Universal Group, Inc. (collectively, the insurer), for breach of contract.[1]  In the plaintiff's view, the insurer breached its obligation to pay for collision damage to his insured automobile following a traffic accident.

The relevant language in the insurance policy's payment of loss clause is straightforward: the insurer "can pay for the loss in money or through the repair or in the replacement of the damaged property . . . ."  Here, there is no genuine dispute as to any material fact: the record reflects that the insurer satisfied that policy obligation.  In this instance, however, that unambiguous policy language has led to a massive proliferation of pleadings, appendices, affidavits, deposition transcripts, briefs,

---

[1] The plaintiff also asserts a related claim against the insurer for "dolo" under Puerto Rico law.  See P.R. Laws Ann. tit. 31, § 3408.  Because the "dolo" claim derives from the plaintiff's breach of contract claim, it requires no separate analysis.

memoranda, and the like.  This mountain of paper is far out of proportion to the needs of the case and — though we have reviewed and considered the parties' filings — it would serve no useful purpose for us to add unduly to the towering stack of pages that comprise this altitudinous record.

Stripped of rhetorical excesses, extraneous theories, and diversionary arguments, the critical issue is uncomplicated (even though the lawyers' views of it are not).  The Puerto Rico Insurance Commissioner has made pellucid that the quoted language means what it says and a magistrate judge, acting at the behest of the district judge, see Fed. R. Civ. P. 72(b), has confirmed this plain-language reading, Alemán-Pacheco v. Universal Grp., Inc., No. 13-1459, slip op. at 34-39 (D.P.R. Feb. 9, 2015) (unpublished). Moreover, the district court, on de novo review, has unhesitatingly reached the same conclusion, approving and adopting the magistrate judge's report and recommendation in an unpublished order.  It is this order of the district court, entering summary judgment in favor of the insurer, that the plaintiff now appeals.

The magistrate judge's report and recommendation is thorough and persuasive.  It not only correctly interprets the policy language but also methodically rejects, one by one, the infinity of arguments (procedural and substantive) advanced by the plaintiff.  We have made it abundantly clear, in a long string of cases, that there are times that the court of appeals should not

write at length merely to hear its own words resonate.  See, e.g., deBenedictis v. Brady-Zell (In re Brady-Zell), 756 F.3d 69, 71 (1st Cir. 2014); Vargas-Ruiz v. Golden Arch Dev., Inc., 368 F.3d 1, 2 (1st Cir. 2004); Lawton v. State Mut. Life Assur. Co., 101 F.3d 218, 220 (1st Cir. 1996); Holders Capital Corp. v. Cal. Union Ins. Co. (In re San Juan Dupont Plaza Hotel Fire Litig.), 989 F.2d 36, 38 (1st Cir. 1993).  Where, as here, a lower court has accurately taken the measure of a case and lucidly articulated its reasoning, it is unnecessary for us to put our own gloss on the matter.

We need go no further.  We summarily affirm the judgment below for substantially the reasons elucidated in the magistrate judge's sterling report and recommendation.

**Affirmed.**  See 1st Cir. R. 27.0(c).