Lilliam Ivette LABOY–SALICRUP, et al., Plaintiffs,

v.

PUERTO RICO ELECTRIC POWER AUTHORITY, et al., Defendants.

CIVIL NO. 15–2112 (GAG)

United States District Court, D. Puerto Rico.

Signed 03/23/2017

Jose O. Vazquez–Garcia, Old San Juan, PR, Jorge Stefan Molina–Mencia, Velilla & Velilla, Bayamon, PR, for Plaintiffs.

Maraliz Vazquez–Marrero, Cancio, Nadal, Rivera & Daz, P.S.C., Margarita Rosado–Toledo, San Juan, PR, for Defendants.

## OPINION AND ORDER

GUSTAVO A. GELPI, UNITED STATES DISTRICT JUDGE

Liliam Ivette Laboy–Salicrup, Alexandra Alfaro–Laboy, and Adriana Michelle Larregui–Laboy (collectively "Plaintiffs") filed this diversity suit under 28 U.S.C. § 1332(a) against the Puerto Rico Electric Power Authority ("PREPA"), ACE Insurance Company, John Doe, and Jane Doe (collectively "Defendants"), alleging that PREPA intentionally caused the wrongful death of Hector Javier Laboy–Salicrup ("Hector Javier"). Plaintiffs seek redress under the local tort statute, Article 1802 of the Civil Code of Puerto Rico, P.R. Laws Ann. tit. 31, § 5141. (See Docket No. 1 ¶¶ 1–8, 15.)

Pending before the Court are Plaintiffs' Motion for Partial Summary Judgment at Docket No. 27 and PREPA's Cross Motion for Summary Judgment at Docket No. 34. After reviewing the parties' submissions and pertinent law, Plaintiff's Motion for Partial Summary Judgment is **DENIED** and PREPA's Cross Motion for Summary Judgment is **GRANTED**.

## I. Relevant Factual and Procedural Background [1]

Hector Javier worked for PREPA for close to twenty years before his tragic

---

1. Plaintiffs did not file a statement of uncon-   tested facts or support the factual assertions

death on November 13, 2014. (Docket Nos. 1 ¶ 10–11; 20 ¶ 10–11.) He was survived by his sister, Lilliam Ivette Laboy–Salicrup, and his nieces, Alexandra Alfaro–Laboy and Adriana Michelle Lerregui–Laboy, the plaintiffs in this action. (Docket Nos. 1 ¶ 1–3, 17; 20 ¶ 1–3, 17.) All are domiciled outside of Puerto Rico. Id.

On November 13, 2014, Hector Javier was assigned to work at the top of an eighty-foot electric tower. (Docket Nos. 1 ¶ 9; 20 ¶ 9.) The tower collapsed as Hector Javier was working, causing his immediate death. (Docket Nos. 1 ¶ 18; 20 ¶ 18; 35 ¶ 16.)

The Occupational Safety and Health Administration ("OSHA") conducted an investigation and found that PREPA committed six violations to Puerto Rico's Occupational Safety and Health Act, P.R. LAWS ANN. tit. 29, §§ 361–362 ("PR–OSHA Act") in connection to the incident. One was determined to be a "willful-serious" violation. (Docket Nos. 1 ¶ 17; 20 ¶ 17.)

On August 17, 2015, Plaintiffs filed the present action, alleging that PREPA's "willful actions" were "the proximate cause" of Hector Javier's death.[2] (Docket No. 1 at 1.) Specifically, Plaintiffs claimed that PREPA intentionally failed to inspect the worksite prior to ordering Hector Javier to climb above an electric tower, which PREPA caused to be unstable after ordering the removal of two of the six supporting tension cables. Id. ¶¶ 12–15. Both PREPA and ACE answered the amended complaint, raising as an affirmative defense PREPA's employer immunity under Puerto Rico's Compensation System for Work–Related Accidents Act ("PRWCA"), P.R. LAWS ANN. tit. 11, §§ 1–42.

Several months prior to the conclusion of discovery, Plaintiffs moved for partial summary judgment. (Docket No. 27.) Briefly stated, Plaintiffs argue that a trial is unnecessary to determine whether PREPA is immune from the present suit given that the facts surrounding Hector Javier's death are uncontested. Id. ¶¶ 7, 8, 59. They claim that, in light of the OSHA Citation and Notification of Penalty issued in connection with the incident on May 5, 2015 ("OSHA Citation"), (Docket No. 27–1), the Court is in a position to determine whether PREPA intentionally caused the death of Hector Javier. (Docket No. 27 ¶ 13.)

PREPA opposed Plaintiff's move for summary judgment and simultaneously filed a Cross Motion for Summary Judgment. (Docket No. 34.) PREPA also moved to strike Plaintiffs' Motion for Partial Summary Judgment, "given its failure to comply with Local Rule 56 and its interpretative case law." Id. at 6. On the merits, PREPA argued that it is shielded from the present suit by its employer immunity under the PRWCA and that Plaintiffs did not present any evidence of intentional conduct by PREPA. Id. at 16.

ACE also opposed Plaintiffs' Motion for Partial Summary Judgment. (Docket No. 39.) ACE similarly argued that Plaintiffs' motion did not comply with Rule 56(c) of the Federal Rule of Civil Procedure and Local Rule 56. Id. at 2. Additionally, ACE objected to Plaintiffs' use of the OSHA Citation in support of the motion, arguing

contained in the Motion for Partial Summary Judgment with citations to the evidentiary record. Moreover, Plaintiffs did not oppose PREPA's statement of uncontested facts included with the Cross Motion for Summary Judgment. As a result, the relevant factual background is based on the factual allegations

in the Complaint and PREPA's answer thereto.

2. Plaintiffs filed an Amended Complaint on October 20, 2015, in order to include the correct name of defendant ACE Insurance Company ("ACE"). (See Docket Nos. 12 & 13.)

that it is inadmissible hearsay. Id. at 2–3. On the merits, ACE contended that the OSHA Citation's determinations are not binding upon a court of law and that the question of whether PREPA's actions were intentional or not is to be determined in court. Id. at 18. Also, ACE claimed that in order to be considered an intentional act, the "tortfeasors must want the consequences of their actions" and "Plaintiffs have admitted that PREPA did not want [Hector Javier] to die." Id. Moreover, ACE argues that actions similar to those which Plaintiffs allege PREPA committed in connection to Hector Javier's death have been found by the Puerto Rico Supreme Court to be encompassed within the employer immunity provided by the PRWCA. Id. Even if the Court were to find that a PREPA employee committed intentional acts, ACE argued that those acts may not be attributed to PREPA for purposes of bypassing its employer immunity. Id.

Plaintiffs replied, arguing that the Puerto Rico Supreme Court case law cited by PREPA only address gross negligence, whereas Plaintiffs contend that PREPA intentionally caused the death of Hector Javier. (Docket No. 46 at 6.) They further claimed that it is not necessary to prove that PREPA desired for Hector Javier to die, and that they only need to prove that the result was "foreseen as a natural consequence of removing the tension cables and rendering the tower a dangerous condition for plaintiff to work." Id. at 7.

## II. Standard of Review

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); see Fed. R. Civ. P. 56(a). "An issue is genuine

if 'it may reasonably be resolved' in favor of either party' at trial, ... and material if it 'possess[es] the capacity to sway the outcome of the litigation under the applicable law.'" Iverson v. City of Boston, 452 F.3d 94, 98 (1st Cir. 2006) (alteration in original) (internal citations omitted). The moving party bears the initial burden of demonstrating the lack of evidence to support the non-moving party's case. Celotex, 477 U.S. at 325, 106 S.Ct. 2548. "The burden then shifts to the nonmovant to establish the existence of at least one fact issue which is both genuine and material." Maldonado–Denis v. Castillo–Rodriguez, 23 F.3d 576, 581 (1st Cir. 1994).

The nonmovant may establish a fact is genuinely in dispute by citing particular evidence in the record or showing that either the materials cited by the movant "do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(B). If the Court finds that some genuine factual issue remains, the resolution of which could affect the outcome of the case, then the Court must deny summary judgment. See Anderson, 477 U.S. at 248, 106 S.Ct. 2505.

When considering a motion for summary judgment, the Court must view the evidence in the light most favorable to the nonmoving party and give that party the benefit of all reasonable inferences. Id. at 255, 106 S.Ct. 2505. Moreover, at the summary judgment stage, the Court does not make credibility determinations or weigh the evidence. Id. Summary judgment may be appropriate, however, if the nonmoving party's case rests merely upon "conclusory allegations, improbable inferences, and unsupported speculation." Forestier Fradera v. Mun. of Mayaguez, 440 F.3d 17, 21 (1st Cir. 2006) (quoting Benoit v. Technical

Mfg. Corp., 331 F.3d 166, 173 (1st Cir. 2003)).

When both parties seek summary judgment, a court must evaluate each motion independently, drawing all inferences against each movant in turn. AJC Int'l, Inc. v. Triple–S Propiedad, 790 F.3d 1, 3 (1st Cir. 2015). "Cross-motions for summary judgment do not alter the summary judgment standard, but instead simply require [the Court] to determine whether either of the parties deserves judgment as a matter of law on the facts that are not disputed." Wells Real Estate Inv. Trust II, Inc. v. Chardon/Hato Rey P'ship, S.E., 615 F.3d 45, 51 (1st Cir. 2010) (citing Adria Int'l Group, Inc. v. Ferré Dev. Inc., 241 F.3d 103, 107 (1st Cir. 2001)) (internal quotation marks omitted). Although each motion for summary judgment must be decided on its own merits, each motion need not be considered in a vacuum. Wells Real Estate, 615 F.3d at 51 (quoting P.R. American Ins. Co. v. Rivera–Vázquez, 603 F.3d 125, 133 (1st Cir. 2010)) (internal quotation marks omitted). "Where, as here, cross-motions for summary judgment are filed simultaneously, or nearly so, the district court ordinarily should consider the two motions at the same time, applying the same standards to each motion." Wells Real Estate, 615 F.3d at 51 (quoting P.R. American Ins., 603 F.3d at 133) (internal quotation marks omitted).

### III. Legal Analysis

■ As this is a diversity action, Puerto Rico law governs the substance of Plaintiffs' claims, while federal law controls the procedural rules. See Aleman–Pacheco v. Universal Grp., Inc., 638 Fed.Appx. 15 (1st Cir. 2016). As procedural grounds dispose of Plaintiffs' motion, the Court will discuss

those first. An analysis of PREPA's unopposed Cross Motion for Summary Judgement follows, where the Court will assess whether—in light of the properly supported assertions of fact deemed admitted—judgment is proper at this stage.

### A. Plaintiffs' Motion for Partial Summary Judgment

A party that moves the Court for summary judgment must show "that there is no genuine dispute as to any material fact" in order to prevail. FED. R. CIV. P. 56(a). Rule 56 requires that the movant support the factual assertions allegedly not in dispute with citations "to particular parts of materials in the record". Id. 56(c). Working together with Rule 56, Local Rule 56(b) requires a movant to include a *separate* statement of material facts and to support each factual assertion with a citation to the evidentiary record. L. CIV. R. 56(b) (D.P.R. 2010). Local Rule 56(e) requires that the citation to the record specifically include "the specific page or paragraph of identified record material supporting the assertion." Id. 56(e).

Plaintiffs contend that "[t]he issue brought before [the Court] in the present motion is one of a purely legal nature (matter of law), which does not require the celebration of a trial in order to be decided." (Docket No. 27 ¶ 7.) According to them, the only issue before the Court is the following: "Is [PREPA] immune from the present complaint or do PREPA's actions fall under the "intentional" exception to the immunity provided by law?" Id. ¶ 8.

Plaintiffs do not include a statement of uncontested facts with their motion, as required by Local Rule 56(b).[3] Plaintiffs thus do not meet the burden imposed by

---

**3.** The "Statement of Facts" of the Partial Motion for Summary Judgment does not include supporting citations to the evidentiary record, as required by Rule 56(c) and Local Rule 56(c), thus precluding the possibility that the Court consider it as the motion's statement of uncontested facts under Local Rule 56(b).

Rule 56 on the moving party to *show* the absence of a genuine dispute as to any material fact. These violations of Rule 56 and Local Rule 56, by themselves, justify denial of Plaintiffs' motion. See Alberti v. Carlo–Izquierdo, 548 Fed.Appx. 625, 631 (1st Cir. 2013); see also Ruiz Rivera v. Riley, 209 F.3d 24, 27 (1st Cir. 2000).

■ However, adding insult to injury, *all* the evidence provided by Plaintiffs in support of their Motion for Partial Summary Judgment violates 42 U.S.C. §. 846 and Local Rule 5(g), as it is in the Spanish language without certified translations. (See Docket Nos. 27–1 & 27–2.) As the Court is precluded from even considering these documents, there is no evidentiary record to support Plaintiffs' claims. See Puerto Ricans For Puerto Rico Party v. Dalmau, 544 F.3d 58 (1st Cir. 2008); Gonzalez–De–Blasini v. Family Dep't, 377 F.3d 81, 88 (1st Cir. 2004).

Based on the above, Plaintiffs' Motion for Partial Summary Judgement at Docket No. 27 is **DENIED.**

### B. PREPA's Cross Motion for Summary Judgment

■ PREPA cross-moved for summary judgment, arguing that the undisputed facts of the case leave no room to infer that it intended to harm Hector Javier when he was ordered to climb above the electric tower that would eventually collapse and take his life. (Docket No. 34 at 16–17.) Plaintiffs failed to oppose PREPA's Cross–Motion for Summary Judgment.[4] As a result, all of the properly supported assertions of fact in PREPA's statement of uncontested material facts at Docket No. 35 are deemed admitted. See Fed. R. Civ. P. 56(e)(2); L. Cv. R. 56(e). The Court thus

proceeds to determine whether—in light of the assertions of fact deemed admitted— PREPA has met its burden of showing that there are no material issues of fact that preclude entry of judgment in its favor. Mendez v. Banco Popular de Puerto Rico, 900 F.2d 4, 7 (1st Cir. 1990).

■ The Puerto Rico Supreme Court has recognized that, under the PRWCA, an employee may not sue his employer to recover damages resulting from a work-related injury, regardless of the level of negligence attributable to the employer. Segarra–Hernandez v. Royal Bank de PR, 145 P.R. Dec. 178, 195, P.R. Offic. Trans. at 8 (1998). This immunity has been characterized as "absolute". Id. The compensation provided by the State Insurance Fund is the exclusive remedy available to the employee, provided that there is "a nexus or causal relation between the injury or disease of the worker and the work performed." Pacheco Pietri v. ELA, 133 D.P.R. 907, 916, 1993 P.R.-Eng. 839817 (1993).

■ However, the employer immunity offered by the PRWAC "does not apply to injuries intentionally caused to the employee by the employer." Odriozola v. Superior Cosmetic Dist. Corp., 116 D.P.R. 485, 500, 16 P.R. Offic. Trans. 595, 614 (1985). The determination of whether an injury was caused intentionally "boils down to showing the relationship between the injury and the employment." Id. An employer will be immune from suit if he can show that the injury: (1) arises from an act by the employee, (2) is inherent to the employee's duties, and (3) occurred in the course of such employment. Id. To this end, for example, the Puerto Rico Supreme Court has held that discriminatory acts based on an

---

4. The fact that Plaintiffs moved for partial summary judgment in no way excuses their failure to controvert PREPA's statement of material facts. See Puerto Rico Am. Ins. Co. v. Rivera–Vazquez, 603 F.3d 125, 132 (1st Cir. 2010) ("A party cannot circumvent the requirements imposed by an anti-ferret rule simply by filing a cross-motion for summary judgment and expecting the district court to do the party's homework.")

employee's age have no relation to the injured employee's employment and thus are not covered by the PRWCA's employer immunity. Id.

For the reasons discussed below, and in light of the stringent requirements established by the Puerto Rico Supreme Court for voiding an employer's immunity, the Court finds that PREPA has met its burden of showing that there is no genuine dispute as to the fact that it had no intention of injuring Hector Javier.

The events that led to Hector Javier's death trace back to November 2014, when PREPA was working on the reconstruction of an electrical line that reached the municipalities of Barranquitas and Comerio. (Docket No. 35 ¶ 1.) The reconstruction project consisted of replacing wood posts with steel ones, in order to increase the capacity of the electrical line. Id. ¶ 2. The project was to be performed by two groups of PREPA employees. Id. ¶ 3. The operational work, including the connection of provisional bridges, was to be performed by the Barranquitas Technical District composed of linesmen from the UTIER union. Id. On the other hand, the work regarding the change in the conductors of the lattice tower structure was assigned to the Sub–Transmission Brigade composed of technicians from the UITICE union. Id. ¶ 4. The UITICE workers were involved due to the nature, scope and infrequency of the work to be performed. Id. ¶ 8.

On November 10, 2014, as part of the reconstruction project, personnel from UTIER removed two of the six tension cables that supported lattice tower number twenty-five, the same tower which would collapse three days later. (Docket No. 35 ¶¶ 9, 15.) The cables were removed because they interfered with other tasks that were being performed related to the closing of electrical bridges. Id. ¶ 10. At the time, the structure was able to maintain its balance because of the tension exerted by the electrical lines, a provisional electrical bridge, and the remaining four tension cables. Id. ¶ 11. The UTIER personnel did not inform the UITICE personnel of the removal of the two tension cables. Id. ¶ 12.

On November 13, 2014, Hector Javier—an UITICE special line technician—was working on the replacement of the lattice structure conductors from lattice tower number twenty-five to a new steel post. Id. ¶ 13. Climbed above lattice tower twenty-five, Hector Javier removed the electrical line conductors that connected that tower with lattice tower twenty-six. Id. ¶ 15. When the last conductor was removed, lattice tower twenty-five collapsed in a matter of seconds. Id. Hector Javier died in the act. Id. ¶ 16.

Based on these uncontested facts, it is abundantly clear that the tragic accident that took Hector Javier's life occurred in the course of his employment with PREPA. There is no evidence on the record from which it could be inferred that PREPA had any intention to injure Hector Javier. PREPA is thus shielded from the present suit under the PRWCA. See Royal Bank de PR, 145 P.R. Dec. 178, P.R. Offic. Trans. at 8.

Accordingly, PREPA's Cross Motion for Summary Judgment is **GRANTED**, Plaintiffs' claims are hereby **DISMISSED with prejudice.**

## IV. Conclusion

For the reasons stated above, Plaintiffs' Motion for Partial Summary Judgement at Docket No. 27 is **DENIED**. PREPA's Cross Motion for Summary Judgment is **GRANTED**, Plaintiffs' claims are hereby **DISMISSED with prejudice.** Judgment shall be entered accordingly.

**SO ORDERED.**